

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LUMENICO LTD.

           Plaintiff,

    v.

COMPASSCO, INC. and MARTIN
LEENDERS,

           Defendants.

Civil Action No. 2:15 cv 511

## COMPLAINT

Plaintiff Lumenico Ltd. ("LUMENICO"), by its undersigned attorneys, as and for its complaint against defendants CompassCo, Inc. ("COMPASSCO") and Martin Leenders ("LEENDERS"), says:

## PARTIES

1. Plaintiff LUMENICO is a United Kingdom registered Corporation that maintains its principal place of business at 6 Barkers Cl, Ampthill, MK45 2RX, United Kingdom.

2. Defendant COMPASSCO is, on information and belief, a Virginia corporation that maintains a principal place of business at 3734 Cook Blvd., Chesapeake, VA 23323.

3. Defendant LEENDERS is an individual who, on information

1

and belief, owns COMPASSCO and who, on information and belief, resides in this judicial district at 1243 Lawson Cove Circle, Virginia Beach, VA 23455-6826.

## JURISDICTION

4.     This Court has subject matter jurisdiction over this action as it arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b).

5.     Supplemental jurisdiction under Counts II, III and IV is proper under 28 U.S.C. § 1367.

6.     This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 as the matter in controversy is between citizens of different States, and on information and belief, exceeds the sum or value of $75,000, exclusive of interest and costs.

## BACKGROUND

7.     In 2007, LUMENICO started making LED night light products and selling those products in international markets.

8.     LUMENICO also developed the ALOKA and SLEEPY NIGHTS trademarks and started using these marks on its LED night light

products ("LUMENICO's ALOKA SLEEPYNIGHTS LED Products").

9.      LUMENICO's international sales were successful.

10.     One of LUMENICO's markets was in Spain.  LUMENICO used a distributor in Spain to distribute its products.  The LUMENICO LED night light products distributed in Spain by the Spanish distributor included EU power supplies that are not appropriate for sale in the United States because they are unsafe for use in the United States.

11.     LUMENICO also distributed its LED night light products in Australia, New Zealand, United Kingdom, Ireland, The Netherlands, Germany, Austria, France, Denmark, Sweden, Norway and Finland.

12.     In May 2013, LEENDERS through his company COMPASSCO contacted Michael Atkinson of LUMENICO to inquire about distributing LUMENICO's ALOKA and SLEEPYNIGHTS branded LED night light products ("LUMENICO's Products").

13.     During the negotiations, LEENDERS admitted to Mr. Atkinson that the ALOKA brand was well known and was the property of LUMENICO.

14.     Subsequently, COMPASSCO purchased LUMENICO's products from LUMENICO and sold those products in the United States.

15.     In May 2013, November 2013, COMPASSCO ordered and

3

LUMENICO delivered LUMENICO Product to COMPASSCO in the United States.  These units bore the ALOKA and SLEEPYNIGHTS trademarks on their packaging.  COMPASSCO paid about $13,000.00 to LUMENICO for these LUMENICO Products.  Upon information and belief, these units were sold throughout the United States across interstate lines.

16.  In November 2013, COMPASSCO ordered and LUMENICO delivered more units of LUMENICO Product to COMPASSCO in the United States.  These units bore the ALOKA and SLEEPYNIGHTS trademarks on their packaging.  COMPASSCO paid about $10,027.00 to LUMENICO for these LUMENICO Products.  Upon information and belief, these units were sold throughout the United States across interstate lines.

17.  On or about December 13, 2013, LUMENICO entered into an agreement entitled NON-DISCLOSURE, NON-CIRCUMVENTION AND NON-COMPETITION AGREEMENT with COMPASSCO and with LEENDERS.

18.  Pursuant to the NON-DISCLOSURE, NON-CIRCUMVENTION AND NON-COMPETITION AGREEMENT, COMPASSCO and LEENDERS were obligated to maintain LUMENICO's confidential information in confidence.  COMPASSCO and LEENDERS were also obligated not to use LUMENICO's confidential information for

4

their own advantage.  COMPASSCO and LEENDERS were further obligated not to compete with LUMENICO.

19.    In December 2013, COMPASSCO ordered and LUMENICO delivered more units of LUMENICO Product to COMPASSCO in the United States.  These units bore the ALOKA and SLEEPYNIGHTS trademarks on their packaging.  COMPASSCO paid about $29,000.00 to LUMENICO for these LUMENICO Products.  Upon information and belief, these units were sold throughout the United States across interstate lines.

20.    In September 2014, COMPASSCO ordered and LUMENICO delivered more units of LUMENICO Product to COMPASSCO in the United States.  These units bore the ALOKA and SLEEPYNIGHTS trademarks on their packaging.  COMPASSCO paid about $69,000.00 to LUMENICO for these LUMENICO Products.  Upon information and belief, these units were sold throughout the United States across interstate lines.

21.    On or about February 23, 2015, LUMENICO presented a Distribution Agreement to COMPASSCO.  COMPASSCO never signed the Distribution Agreement.

22.    Upon information and belief, COMPASSCO saw an increasing market opportunity and decided to cut LUMENICO out.  Instead of signing the Distribution Agreement, COMPASSO bought ALOKA and/or SLEEPY

5

NIGHTS branded LED night light products manufactured by LUMENICO from LUMENICO's Spanish distributor and imported those products into the United States (the "Unauthorized Merchandise").

23.     Upon information and belief, the Unauthorized Merchandise was distributed throughout the United States and across interstate lines.

24.     Upon information and belief, COMPASSCO sold and distributed Unauthorized Merchandise at the same time it sold and distributed LUMENICO Product it obtained from LUMENICO.

25.     The products COMPASSCO purchased from LUMENICO's Spanish distributor bore the ALOKA and SLEEPYNIGHTS trademarks. However, upon information and belief, the Unauthorized Merchandise obtained from LUMENICO's Spanish distributor differed significantly and dangerously from the LED night light products LUMENICO supplied to COMPASSCO for distribution in the United States.   For example, the products from LUMENICO's Spanish distributor included power supplies appropriate for the European marketplace whereas the products LUMENICO supplied to COMPASSCO included UL approved power supplies.   Thus, the products COMPASSCO obtained from LUMENICO'S Spanish distributor pose a safety hazard to the United States marketplace.

26.     During its sales efforts, COMPASSCO misrepresented to

6

customers and that it was the manufacturer of the LUMENICO LED night light products, when in fact, LUMENICO was the manufacturer. One such misrepresentation was made to buybuyBaby USA.

27.     On other occasions, when it was to COMPASSCO's advantage, COMPASSCO would represent that it was a distributor of LUMENICO products. For example, to gain entrance to the abcshow, COMPASSCO showed the management of the abcshow a distribution agreement with LUMENICO.

28.     On or about April 20, 2015, LUMENICO sent a Notice of Termination letter to COMPASSCO. This letter terminated any rights COMPASSCO had to distribute any LUMENICO product. At this time LUMENICO had advised COMPASSCO that it was seeking a new distributor in the United States. COMPASSCO and LEENDERS were fully aware that LUMENICO intended to hire a new distributor to distribute the LUMENICO Products in the United States.

29.     Despite receiving the Notice of Termination letter, COMPASSCO continues to sell the Unauthorized Merchandise that was purchased from the Spanish distributor.

30.     COMPASSCO is selling and distributing the LUMENICO

products as shown in the photographs below.

  

31.     As shown in the photographs, COMPASSCO is simply

covering the LUMENICO name with a sticker that proclaims the product to

be distributed by Total Dreamz. COMPASSCO also indicates that the

LUMENICO Products are assembled and distributed by Total Dreamz. Both

of these actions mislead the marketplace as to the source of the LUMENICO

Products.

32.     Also as shown in the photographs, COMPASSCO continues to

use the ALOKA trademark that belongs to LUMNICO. This also misleads

the marketplace as to the source of the LUMENICO Products.

8

33. COMPASSCO filed a trademark registration for ALOKA-DESIGNS in the United States Patent and Trademark Office on June 25, 2014 for electric night lights. COMPASSCO alleged a first use in December 2013. The ALOKA-DESIGNS mark received Registration No. 4,834,571.

34. COMPASSCO and LEENDERS misappropriated this mark from LUMENICO after admitted that it was LUMENICO's mark. All use of this mark was for the benefit of LUMENICO. Accordingly, COMPASSCO misrepresented its date of first use in its trademark application. COMPASSCO has no rights to the ALOKA-DESIGNS mark in the United States and COMPASSCO's registration should cancelled.

## COUNT I
## UNFAIR COMPETITION UNDER LANHAM ACT §43(a)

35. Plaintiff LUMENICO repeats and re-alleges the allegations of the paragraphs above as if fully set forth here.

36. The acts of Defendants alleged herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or Defendant's product with Plaintiff LUMENICO, or as to the sponsorship, or approval of Defendant's goods, services or commercial activities by LUMENICO.

9

37.     Defendants' actions further misrepresent the nature, characteristics or qualities of Defendants' goods, services or commercial activities.

38.     Plaintiff has no adequate remedy at law for the foregoing wrongful conduct of Defendants, in that: (i) Defendants' actions damage and threaten to continue to damage Plaintiff's unique and valuable property, including its goodwill, injury to which cannot adequately be compensated by monetary damages; (ii) the wrongful acts of Defendants injure and threaten to continue to injure Plaintiff's reputation and goodwill; and (iv) the damage resulting to Plaintiff from Defendants' wrongful conduct, and the conduct itself, are continuing.

39.     Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product which tends to relate or connect such product in any way to Plaintiff or to any goods or services offered, provided, sold, manufactured, sponsored or

approved by, or connected with Plaintiff; (ii) using any mark that is confusingly similar to the Plaintiff's trademarks; and/or (iii) making any false description or representation of origin concerning any goods offered for sale by Defendants.

40.    Plaintiff is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, in an amount to be determined, and to recover their attorneys' fees and costs herein.

## COUNT II
## BREACH OF CONTRACT

41.    Plaintiff LUMENICO repeats and re-alleges the allegations of the paragraphs above as if fully set forth here.

42.    COMPASSCO and LEENDERS breached the NON-DISCLOSURE, NON-CIRCUMVENTION AND NON-COMPETITION AGREEMENT by failing to maintain to maintain LUMENICO's confidential information in confidence and by failing not to use LUMENICO's confidential information for their own advantage.  For example, COMPASSCO and LEENDERS, upon information and belief, were advised of the manufacturing price and LUMENICO's price of LUMENICO's products.  When COMPASSCO stopped buying products from LUMENICO and started buying products from LUMENICO's Spanish distributor, the Defendants misused this information to their own advantage.

11

43.     COMPASSCO and LEENDERS also breached the NON-DISCLOSURE, NON-CIRCUMVENTION AND NON-COMPETITION AGREEMENT, by competing with LUMENICO.

## COUNT III
## UNJUST ENRICHMENT

44.     Plaintiff LUMENICO repeats and re-alleges the allegations of the paragraphs above as if fully set forth here.

45.     LUMENICO provided COMPASSCO and LEENDERS with LUMENICO's ALOKA and SLEEPY NIGHTS trademarks.

46.     COMPASSCO and LEENDERS acknowledged that the trademarks belonged to LUMENICO and that they were well known, and accepted and benefitted from the use of the trademarks without paying anything to LUMENICO for the usage.

47.     LUMENICO expected to receive payment for the use of its trademarks while COMPASSCO and LEENDERS used the trademarks.

48.     As a result of the conduct described above, COMPASSCO and LEENDERS have been unjustly enriched at the expense of LUMENICO.

49.     It would be inequitable and unconscionable for COMPASSCO and LEENDERS to enjoy the benefit of LUMENICO's trademarks without paying for such benefit.

50.     COMPASSCO and LEENDERS should be required to disgorge

12

all monies, profits and gains which they have obtained or will unjustly

obtain in the future at the expense of LUMENICO, and a constructive trust

should be imposed thereon for the benefit of LUMENICO.

<h3 style="text-align:center">COUNT IV<br>TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY</h3>

51.    Plaintiff LUMENICO repeats and re-alleges the allegations of the paragraphs above as if fully set forth here.

52.    After sending the Notice of Termination to COMPASSCO and LEENDERS, Plaintiff LUMENICO had, and still has, an expectancy of establishing a business to sell its LUMENICO Products.

53.    COMPASSCO and LEENDERS had knowledge of LUMENICO's business expectancy because LUMENICO informed them of its plans

54.    Despite having knowledge of LUMENICO's business expectancy, COMPASSCO and LEEANDERS Intentionally interfered in that business expectancy by misappropriating LUMENICO's common law trademarks and by falsely designating the origin of products sold and by falsely and/or misleadingly describing itself as a manufacturer of goods

55.    As a result of these acts, Plaintiff LUMENICO has suffered damages because its expected business of selling its LUMENICO Products has been disrupted.

13

## COUNT V
## TRADEMARK CANCELLATION UNDER LANHAM ACT § 37

56.     Plaintiff LUMENICO repeats and re-alleges the allegations of the paragraphs above as if fully set forth here.

57.     COMPASSCO misappropriated the ALOKA-DESIGN trademark from LUMENICO and misrepresented the date of first use in its trademark application.

58.     COMPASSCO's trademark registration number 4,834,571 should be cancelled.


Therefore, plaintiff LUMENICO, demands judgment in its favor and against defendants COMPASSCO and LEENDERS as follows:

A.      As to All Counts, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademarks, of plaintiff; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or

advertised by them are sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.     As to All Counts, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale.

C.     That Defendants deliver up for destruction any and all Unauthorized Merchandise.

D.     As to All Counts, that Defendants pay to Plaintiff damages in an amount to be determined.

E.     As to All Counts, that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

F.     That COMPASSCO's trademark registration for ALOKA-DESIGNS, U.S. Trademark Registration No. 4,834,571, be cancelled in the United States Patent and Trademark Office.

## JURY DEMAND

Plaintiff LUMENICO requests trial by jury on all issues triable at law.

Respectfully submitted,

LUMENICO LTD.

By:

Ryan C. Posey, Esq. (VSB # 85109)
POSEY LEBOWITZ PLLC
3221 M Street NW
Washington DC 20007
202-524-0123 ext. 2
202-810-9009 (fax)
rposey@poseylebowitz.com

*Attorneys for Plaintiff Lumenico Ltd.*

Dated: 11/23/2015

*Of counsel:*
Glen M. Diehl, Esq.
DIEHL LAW LLC
20 Shawnee Drive
Suite B
Watchung, NJ 08833

*Attorneys for Plaintiff Lumenico Ltd.*